RECEIVED

OCT 30 2018

AT _____ 1:58 _____ P M
WILLIAM T. WALSH, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUUL LABS, INC., | |
| Plaintiff, | Civil Action No.: 18 - 15444 |
| v. | Hon. |
| 4X PODS, GREGORY GRISHAYEV, THE ELECTRIC TOBACCONIST LLC, and JOHN DOES 1 – 50, | **ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| Defendants. | Hearing Date: _____ |
| | Time: _____ |

**THIS MATTER** having been brought before the Court by Saiber LLC and Sterne, Kessler, Goldstein & Fox P.L.L.C., attorneys for plaintiff Juul Labs, Inc. ("JLI"), pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 65.1, for an Order to Show Cause why a Preliminary Injunction should not issue against Defendants 4X Pods, Gregory Grishayev, The Electric Tobacconist LLC, and John Does 1 – 50 (collectively, "Defendants") and why the relief demanded in the Verified Complaint should not be granted.

The Court having reviewed the Verified Complaint, the Declarations of Joanna Engelke, Charles Robbins, JLI's Investigators with exhibits attached thereto, and JLI's Brief submitted in support hereof; and it appearing that with respect to likelihood of success on the merits, JLI has demonstrated that it is likely to succeed in showing that Defendants are selling products that infringe JLI's trademarks and trade dress (the "Infringing Products"); JLI having provided or attempted to provide notice to defendants; JLI has suffered irreparable harm and injury in the form of its reputation of goodwill—injury that is neither monetarily compensable nor quantifiable—due to the sales of Infringing Products; and to prevent any further irreparable

01339861.DOCX

injury that will result to JLI and the general public if the restraints requested herein are not issued prior to the return date of the Order to Show Cause; and it further appearing that the matter presented herein is of a sufficiently emergent nature to justify the entry of the within Order and that this application is properly addressed by Order to Show Cause rather than by motion; and to maintain the status quo relating thereto until resolution of this matter; and it further appearing that expedited discovery is necessary to obtain information relating to the matters alleged in the Verified Complaint and this application, including the identification of the John Does; and it further appearing that this Order to Show Cause, the Verified Complaint, and the Brief and supporting declarations (and exhibits attached thereto) contain confidential information, the sealing of which is supported by L. Civ. R. 5.3(c)(3) and L. Civ. R. 5.3(c)(9), subject to a later motion to seal pursuant to the provisions of these Rules; and based upon the findings of fact and conclusions of law as reflected or otherwise set forth in the record herein; and for other and good cause shown;

**IT IS** on this 30th day of October, 2018

**ORDERED** as follows:

A.  That, pursuant to Federal Rule of Civil Procedure 65(b)(3) and in light of the schedule set forth herein for a decision on JLI's application for a Preliminary Injunction, each of the Defendants shall appear and show cause on the 7th day of December, 2018, before the United States District Court for the District of New Jersey, Hon. Kevin McNulty, at US Post Office + Courthouse, Courtroom 4, Newark, NJ located at _____, at 2 o'clock in the PM, or as soon thereafter as counsel can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure restraining and enjoining Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners,

successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise from:

1. Directly or indirectly adopting, using, registering, or seeking to register any trademark, service mark, trade dress, or other type of mark, material, company, business or domain name, or other name, that would cause a likelihood of confusion with or otherwise infringe JLI's trademarks or trade dress, as alleged in the Verified Complaint herein. Included within the meanings of a likelihood of confusion and infringement are any mark, name, package, or product that would cause a false or misleading association, connection, sponsorship, or affiliation with or endorsement by JLI;

2. Manufacturing, shipping, delivering, holding for sale, advertising, marketing, promoting, displaying, transferring or otherwise moving, storing, distributing, renting, or otherwise disposing of, in any manner, any nicotine vaporizer pods, e-cigarette and/or related products in connection with the JUUL Pod Logo Trademark and JUUL Packaging Trade Dress, or any mark, name, or trade dress confusingly similar to the JUUL Pod Logo Trademark and JUUL Packaging Trade Dress or colorable imitations thereof, as defined in the Verified Complaint;

3. Further infringing JLI's trademarks, and trade dress, as alleged in the Verified Complaint, and from injuring and damaging JLI's goodwill; and

Doing any act or thing likely to confuse, mislead or deceive others into believing that Defendants, and/or their products or services, emanate from or that Defendants themselves are connected with, sponsored by, endorsed by, or approved by, or otherwise affiliated with JLI.

B. That the declarations of Charles Robbins, Joanna Engelke, and JLI's Investigator shall be filed under temporary seal until the show cause hearing set forth in Paragraph A, unless earlier unsealed by further Order of this Court after prior notice to all parties. Following such show cause hearing, JLI shall publicly file redacted copies of such materials within three (3) days, and shall file any motion to seal such materials, subject to the provisions of Local Civil Rule 5.3(c), within fourteen (14) days. Defendants shall be permitted to serve on any defendants and/or third-parties copies of filed materials and any discovery materials in this matter redacted

in a manner to protect any confidential or sensitive information contained therein, the disclosure of which would cause irreparable economic injury or otherwise enable any defendant to withdraw or transfer funds related to the subject matter of this action or otherwise obstruct this matter, until each defendant is served process and a Confidentiality Order is entered in the matter under Local Civil Rule 5.3(b).

C. That service of this Order together with the Verified Complaint, the Brief and supporting declarations and exhibits attached thereto may be made on the Defendants without the need for any summons relating thereto, by ~~one~~ any of the ~~following alternative~~ methods of service: authorized by Rule 4, Fed. R. Civ. P. ~~(a) personal service; (b) express messenger service (e.g., Federal Express, UPS, etc); or (d) Certified Mail, Return Receipt Requested,~~ and simultaneously by first class mail, and such service shall be ~~attempted~~ completed on or before __Nov. 2__, 2018 at __12 noon__ ~~p.m.~~

D. That each of the Defendants' papers answering the Verified Complaint, if any, shall be filed with the Clerk of this Court and served upon JLI's counsel by delivering copies thereof to the offices of SAIBER LLC, One Gateway Center 10th Floor, Suite 1000, Newark, New Jersey 07102 Attention: Arnold B. Calmann, Esquire before __Nov. 27, 2018 at 12 Noon__ ~~, 2018. If one of the Defendants fails to so file and serve its answering papers, judgment by default may be entered against that defendant for the relief demanded in the Verified Complaint.~~

E. That the Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise, shall

01339861.DOCX 4

preserve and maintain all e-mails, other electronic information, documents, tangible evidence asd other forms of information referring or in any way relating to the subject matter of this case, JLI's trademarks and trade dress, and any and all matters arising from and relating to the matters referenced in the Verified Complaint.

F. On or before November 7, 2018, the parties shall arrange for a telephone or in-person conference with the Magistrate Judge assigned to the case, for the purpose of setting a schedule for any expedited discovery that may be required in advance of the hearing.

G. Fourteen days before the hearing date, at the latest, the defendants may file an opposition to the Order to Show Cause and accompanying papers.

H. Seven days before the hearing date, the parties shall exchange affidavits in lieu of direct testimony of witnesses, and shall provide copies to the court. Within two days thereafter, each side shall notify the other as to whether it wishes to cross-examine any affiant, and if so, the party submitting the affidavit shall make the affiant available at the hearing.

I. At a convenient time approximately three days before the hearing date, counsel shall arrange a conference call with chambers to discuss any issues that may have arisen with respect to the hearing.

Kevin McNulty
United States District Judge