

May 29, 2019

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court
50 Walnut Street
Newark, New Jersey 07102

     Re:   *Juul Labs, Inc. v. 4X Pods, et al.*, Case No. 18-15444 (KM) (MAH)

Dear Judge Hammer:

     This action is very limited in scope. There is only a single accused product—the "4X PODS Brand Pod Packaging" (*see* Complaint at 13-26)—which Defendants ceased using months before they learned of this action. Within weeks, Defendants had stipulated to an injunction, responded to expedited discovery, and answered the Complaint. *See* D.E. 29, 31. Defendants made clear that they had relatively minimal past sales, which reasonably limits Plaintiff's possible damages (if liability is proven), and certainly should limit the extent of Defendants' relevant, proportional document production under the Federal Rules.

     Defendants have been focused on trying to settle this action, but also they have responded as completely as possible to JLI's many document requests and interrogatories in December 2018, again in March 2019, with further supplementation of responses since. Counsel are working cooperatively on one remaining issue concerning the interrogatory responses. Defendants have produced over 18,388 pages of documents and thousands of emails, including FDA-related documents and many Skype messages accessed only through cooperation with Skype, a third party. In close cooperation with Plaintiff concerning keyword searches, for example, Defendants continue their efforts to supplement their document production. Doing so is less of a business distraction than arguing about relevance and proportionality. Defendants have nothing to hide, and are

not purposefully withholding any documents or information.[1]

Responding to some of Plaintiff's specific points, first Plaintiff contends that "Defendants' profit is over $2,000,000." But only a small fraction of those sales utilized the specific accused infringing packaging, with profits of about 10% of that figure. Concerning text messages, Defendants have not been able to access those. Concerning "emails detailing the content of the e-liquids from third parties," Defendants should be able to produce that information soon. Finally, Plaintiff is incorrect that there has been no "attorney supervision" of the document collection and review process. While counsel may not always be physically on-site, counsel has been supervising the entire process closely every step of the way, including specifying exactly the appropriate parameters of physical and electronic searches for documents.[2]

Respectfully Submitted,

**SML Avvocati P.C.**

*/s/ Stephen M. Lobbin*

---

[1] Plaintiff simultaneously has pursued two other actions which may be influencing its sweeping approach to discovery here. At the ITC, Plaintiff has obtained much discovery already from Eonsmoke, and last month Judge Vazquez of this Court denied Plaintiff's request for a broad preliminary injunction which could have shut down Eonsmoke's entire business. *See* Ex. A (attached herewith).

[2] Plaintiff also attacks the undersigned counsel personally, but the truth is that Defendants had three attorneys on the meet and confer call, and my associates were taking the lead because I was in the process of picking up my daughter from school. The fact is, but for some disagreements on the telephone, overall counsel have been working cooperatively and have been resolving these issues.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Mark A. Kriegel*
