**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JUUL LABS, INC.,** | : | **Civil Action No. 18-15444 (KM) (MAH)** |
| **Plaintiff,** | : | |
| **v.** | : | **ORDER** |
| **4X PODS, et al.,** | : | |
| **Defendants.** | : | |

**THIS MATTER** having come before the Court by way of a series of discovery disputes between the parties concerning the adequacy of Defendants' document production;

and the Court having considered the parties' submissions filed on May 1, 2019 [D.E. 58], May 8, 2019 [D.E. 61], May 20, 2019 [D.E. 64], and May 29, 2019 [D.E. 70];

and the Court having also held a telephone conference with the parties on the record on May 7, 2019;

and the having reviewed the applicable law;

and for the reasons set forth in an oral opinion placed on the record, under seal, on July 12, 2019;[1]

and for good cause shown;

**IT IS ON THIS 12th day of July 2019,**

**ORDERED** that:

1. To the extent Defendants object to production of additional discovery or renewed search efforts on the basis of proportionality, that objection is overruled.

2. Defendants shall produce provide complete responses to Interrogatories 1-4, 7, and 9.

[1] A copy of this transcript may be obtained from King Transcription Services (973-237-6080).

3. Defendants shall produce any and all responsive documents to Requests for Production Nos. 1, 3, 5, 8-12, 15-23, 26-29.

    a. Plaintiff's request for discovery concerning communications between Defendants and any government agency, beyond that which Defendants have already produced, is denied without prejudice.

4. Defendants shall produce all financial documents reflecting the profits and losses from January 1, 2018 to January 1, 2019 and balance sheets, including if necessary from Defendants' accountant.

5. Defendants and their counsel shall immediately reinitiate their efforts to search for and produce the foregoing discovery, and shall complete any such production of responsive material not later than **August 15, 2019**.

6. On or before **August 15, 2019**, Defendants shall file a declaration from Mr. Grishayev that addresses the specific efforts made to search for, recover, and produce the materials in response to Plaintiff's document-production requests. The Declaration shall include, but is not limited to, the following information:

    a. The custodians interviewed;

    b. The specific locations searched or reviewed, including any and all e-mail accounts, text message accounts, Skype accounts, and other applications or social-media accounts;

    c. If any responsive documents have been deleted: (1) identification and description of the deleted document, including a specific indication as to which of Plaintiff's requests for production the document would have responded to, and (2) the date on which the document was deleted;

    d. To the extent any problems persist with production of Skype messages, the declaration must specifically explain (1) what the specific technical problems are, (2) efforts made to address the problem with Skype Communications S.a.R.L.; (3) efforts made to use a data recovery specialist or vendor to address the issue; (4) whether the problem affected recovery of Skype messages only from Mr. Grishayev, and what efforts were made to collect the content from others such as Michael Tolmach, Jason Liu/Kepler Vape, Defendants' office manager, or any other officer or employee of Defendants.

If Plaintiff remains unsatisfied with the results of those renewed efforts, or the representations made in Mr. Grishayev's declaration, Plaintiff may depose Mr. Grishayev, or take a Rule 30(b)(6) deposition or other appropriate deposition to explore in more detail what specifically the Defendants did to preserve, identify, locate, and produce the responsive information. Nothing in this ruling precludes Plaintiff from taking any other appropriate discovery including from third parties.

7. Plaintiff's request that the Court require Defendants to retain a discovery vendor to collect the ESI and other documents is denied without prejudice to Plaintiff renewing this request upon Defendants' completion of the renewed search efforts and filing of the Grishayev Declaration.

8. Any unresolved issues with written discovery must be brought to the Court's attention by **September 15, 2019**.

9. Any motion for leave to amend pleadings shall be filed by **October 15, 2019**.

10. All fact discovery shall be completed by **November 15, 2019**.

11. Affirmative expert reports shall be served by **December 16, 2019**.

12. Responding expert reports by **January 17, 2019**.

13. All expert discovery shall be completed by **March 1, 2019**.

14. Any motion to seal all or part of the Court's Oral Opinion must be filed **within thirty days** of entry of this Order.

15. There will be a telephone conference in this matter on **October 1, 2019, at 11:30 a.m.** Plaintiff's counsel will kindly initiate the conference call.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**