# SML Avvocati P.C.
San Diego|Los Angeles|Orange County
T: 949.636.1391
E: sml@smlavvocati.com

March 5, 2020

**FILED VIA ECF**

Honorable Kevin McNulty, U.S.D.J.
Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Juul Labs, Inc. v. 4X Pods et al.*, **No. 2:18-cv-15444-KM-MAH**

Dear Judge McNulty and Judge Hammer:

    On behalf of Defendants in the above-referenced action, please accept this correspondence as their response to Plaintiff's letter submitted earlier today.

    As the Court is aware, in its December 5, 2019 Order on Plaintiff's motion requesting ***both*** a TRO and a preliminary injunction, the Court ordered as follows:

> IT IS on this 5th day of December, 2019, ORDERED that on the 6th day of Jan[uary], . . . Defendants shall show cause before the Honorable Kevin McNulty, U.S.D.J. . . . , why a ***preliminary injunction*** should not be entered . . . .
>
> IT IS FURTHER ORDERD that counsel for the parties shall, within 5 days, arrange a conference with the Magistrate Judge ***to set up a discovery schedule*** in advance of the hearing.

DE 113 at 2, 4 (emphasis added).  In its Order, ***this Court specifically excluded*** (with large chunks of blank space) many portions of Plaintiff's proposed order,

including the following language which the Court rejected (by exclusion): "***Pending further hearing on this Order to Show Cause, Defendants . . . are temporarily enjoined and restrained from transferring or using funds in the Checking Account and/or Brokerage Account***, except to the extent Defendants can demonstrate to the Court a specific amount of funds that must be used for any legitimate Eonsmoke business purpose." *Compare* Ex. A (attached herewith) at 3 *with* DE 113 at 3 (large blank space); *see also* DE 111-4.  Defendants reasonably concluded, therefore, that as of December 5, 2019 there was no TRO in place restricting their business or banking activities.

As Plaintiff points out in their letter, during the December 18, 2019 conference with the Magistrate Judge for the limited purpose of "set[ting] up a discovery schedule" (not re-considering a TRO or injunction) the Magistrate Judge made statements including that "[t]here better not be dissipating going on."  There has been no dissipating of assets by any Defendant and Defendants' most recent financial reporting as required by the Order of this Court demonstrates this.

Thereafter, this Court held a hearing on January 6, 2020, and entered its decision on February 13, 2020.  *See* DE 160-61.  In its reasoning, the Court stated (in part) that "the profits from the sale of allegedly infringing products was in the $400,000 to $500,000 range . . . [so] Juul's request for an order freezing tens of millions of dollars would be far too broad a remedy." DE 160 at 25.  In its Order, this Court stated:

> [D]efendants will be subject to quarterly reporting to Magistrate Judge Hammer.  The defendants shall immediately submit the latest statements of the Chase checking account xxx3070 and the Chase brokerage account xxx5906.  Thereafter, defendants shall submit statements of the same accounts on a quarterly basis, beginning with the quarter ending March 31, 2020.  ***Any new, separate, or substitute accounts shall be disclosed, and shall be subject to the same obligation.***

ECF No. 161 at 1 (emphasis added).

Defendants submitted their first report on February 28, 2020.  The report included the most recent statements from the two accounts identified in the Court's Order, as well as from ***three other accounts*** (including Chase checking account xxxxx8799 (Eonsmoke LLC), Vanguard brokerage account xxxx6378 (Gregory Grishayev), and Vanguard brokerage account xxxx3314 (Michael Tolmach)).  As

Defendants explained specifically in their report, "[t]he Vanguard accounts have been set up for more advantageous account management and investment income, including because of a disadvantageous change to the sweep program feature of Chase brokerage account xxxxx5096." *Id.*, Ex. 6 (attached thereto). **The new Vanguard brokerage accounts simply replace and supplement the Chase brokerage account**, for better returns. The nature of the accounts is unchanged. Finally, as Defendants also explained, the total assets available equal "60 times the maximum 'profits from the sale of allegedly infringing products.'"

There has been no violation of any Order of this Court, either in letter or in spirit. Plaintiff's mischaracterizations in its letter are just that, as well as an improper attempt at reconsideration and rehearing. First, Plaintiff asserts that "Defendants made [] transfers while JLI's motion to freeze assets was pending and shortly after the Court's January 6, 2020 hearing on the motion." But during that time (and still), there was no Court Order precluding Defendants from opening their new Vanguard accounts. Moreover, Defendants' reason for opening those accounts was prudent. Second, Plaintiff asserts Defendants "failed to disclose to the Court or to JLI at the hearing—or at any time before February 28, 2020—that they were in the process of transferring [assets]." But Defendants had not made any decision about opening the Vanguard accounts by January 6, 2020. And again, there was no Court Order requiring Defendants to report or "disclose" their banking activities until February 13, 2020, which Defendants fully complied with on February 28, 2020.

Third, Plaintiff asserts that because of its pending motion to amend, this Court was "wrong" when it concluded that "the profits from the sale of allegedly infringing products was in the $400,000 to $500,000 range." DE 160 at 25. The Court was not wrong, for at least the reason that leave to file Plaintiff's amended complaint has not been granted, nor should it be. Moreover, this Court specifically criticized Plaintiff for failing to identify any specific amount of alleged profits whatsoever "derived from the sale of products that purportedly infringe the Juul wordmark (the new claim added in the proposed Amended Complaint (DE 109-1)." *See* DE 160 at 8. Fourth and finally, Plaintiff mischaracterizes the undersigned counsel's response to Plaintiff's recent letter demanding concessions beyond this Court's February 13, 2020 Order. The actual response stated as follows, in relevant part:

> Counsel--We received your letter but it is unreasonable to demand we drop everything else to respond to your letters immediately. . . .
> 1--Our letter and attachments show all dates of account opening etc.

> 2--Our letter specifically explains the "reason" for the Vanguard accounts . . . .
> 3--The main reason is these accounts did not exist.
> 4--No.
> 5--No. We will follow the letter and spirit of the Court's Order, which created a reporting requirement for "Chase checking account xxx3070 and the Chase brokerage account xxx5906 [sic] . . . [and] any new, separate, or substitute accounts." As you can see from our report, we included five accounts, not just the two specifically ordered.

Ex. B. As is clear, Defendants are committed to following the letter and spirit of the Court's Order.

Based on the foregoing, Defendants respectfully request that this Court should deny the relief requested in Plaintiff's letter. Particularly with respect to Items 2-3 of Plaintiff's request, those requirements are in place already, and need not be the subject of further court orders. Specifically, that "the Vanguard accounts are *de facto* Eonsmoke business accounts" follows from the fact that the new Vanguard brokerage accounts simply replace and supplement the Chase brokerage account. Further, that "the Court's requirement of quarterly financial statements applies to all of the accounts that Defendants have used to hold or transfer Eonsmoke assets, including (but not limited to) the new Vanguard accounts," also is evident already because this Court's February 13, 2020 Order already requires reporting of "[a]ny new, separate, or substitute accounts," which these accounts are. No plausible argument can be made that a transfer of assets from one of the largest domestic financial institutions (Chase) to an even larger domestic financial institution (Vanguard) while disclosing that transfer is "dissipation".

If this Court is willing to take up pressing issues based on these letters from the parties, Defendants respectfully request that the Court also consider the following requested relief. First, Defendants respectfully request that this Court stay its February 13, 2020 Order (*see* DE 161) pending Defendants' interlocutory appeal. *See* DE 171. Second, Defendants respectfully request that this Court reconsider one aspect of the recent March 2, 2020 discovery order directed at financial information concerning "each of Eonsmoke's electronic nicotine delivery systems ("ENDS") products in each of 2017, 2018, and 2019 . . . ." *See* DE 170 at 2. The breadth of this portion of this Order goes far beyond this Court's prior assessment of the relevant discovery in this action, as follows: "[T]he relevant time

period for purposes of disgorgement of profits is June 2018 through December 2018 . . . the relevant profits for the specific 4X PODS profits at issue from June 2018 through December 2018 . . . ." DE 160 at 25.

We respectfully thank this Court for its consideration.

Respectfully Yours,

**SML Avvocati P.C.**

/s/ Stephen M. Lobbin

cc:  All Counsel (via ECF)