UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
JUUL LABS, INC.,                        :        Civil Action No. 18-15444 (KM) (MAH)
                                        :
            Plaintiff,                  :
                                        :
      v.                                :                 OPINION
                                        :
4X PODS, et al.,                        :
                                        :
            Defendants.                 :
_____:

## I.    INTRODUCTION

This matter comes before the Court on the Motion of Defendants to file an Amended

Answer with Counterclaims.  Motion for Leave to File an Amended Answer with Counterclaims.

D.E. 224.  Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court

decides this motion without oral argument.  For the reasons set forth below, the Court will deny

Defendants' Motion to file an Amended Answer with Counterclaims.

## II.   BACKGROUND[1]

On October 30, 2018, Plaintiff filed the instant action, alleging claims for violations of

the Lanham Act, copyright infringement, and New Jersey common law.  Compl., Oct. 30, 2018,

D.E. 1.  Plaintiff manufactures electronic nicotine delivery systems ("ENDS").  *Id.*, ¶ 2.  The

ENDS use two components: "(1) a device and (ii) disposable pods ("JUUL pods") prefilled with

a proprietary mixture of vaporizer carriers, nicotine salt extracts, and flavoring (together, "e-

liquid")."  *Id.*, ¶ 3.  A user would insert the pod into the device and then use the mouthpiece to

---

[1] Because the Court writes for the parties, the Court briefly summarizes the pertinent facts.  The
Court also assumes as true the factual allegations in the proposed pleading for the purpose of this
motion.  *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992).

inhale.  *Id.*  That causes the e-liquid in the pod to heat up and allows the user to inhale the

vaporized e-liquid.  *Id.*  Plaintiff has federally registered trademarks for its refill pods, *id.*, ¶ 22,

and copyrights for the visual works depicted on JLI packaging.  *Id.*, ¶ 35.

Plaintiff alleges that Defendants manufacture and sell a product known as "4X PODS,"

and that "[t]he 4X PODS product, on its face, copies virtually all components of the JUUL Pod

Logo Trademark, JUUL Packaging Trade Dress, and Copyrighted Works."  *Id.*, ¶¶ 40-43.

Plaintiff further alleges that "the 4X PODS brand packaging prominently bears the JUUL

trademark, and slavishly copies virtually all elements of the JUUL Packaging Trade Dress,

which strongly indicates Defendants' intent to copy, and necessary knowledge of,

[Plaintiff's]trademarks and trade dress."  *Id.*, ¶ 45.  According to JLI, Defendant Gregory

Grishayev organized and directed the alleged infringing conduct, and Defendant Electric

Tobacconist has engaged in the distribution and sale of 4X PODS products.  *Id.*, ¶¶ 48-49.  In

terms of damages, the Complaint alleges that the alleged infringement has caused confusion in

the marketplace.  *Id.*, ¶ 42 & n.8-9, ¶¶ 54-55.   On December 21, 2018, Defendants 4X PODS

and Gregory Grishayev filed an Answer, denying all claims against them.  Answer, Dec. 21,

2018, D.E. 31.  However, the Answer did not include Counterclaims.  *Id.*

On December 4, 2019, Plaintiff moved for leave to file an Amended Complaint to:  (1)

name Eonsmoke, LLC, doing business as 4X PODS, as the corporate Defendant; (2) name

Michael J. Tolmach as a Defendant; (3) add an additional claim against Mr. Tolmach to hold him

individually liable for the alleged infringement of Plaintiff's copyrights, trade dress and

trademarks; (4) add a claim for infringement of Plaintiff's JUUL Wordmark, Registration No.

4818664; (5) plead that if JUUL prevails on its claims against Defendants, the Court in awarding

relief should pierce the corporate veil of Eonsmoke and hold Defendants Grishayev and Tolmach

personally liable; and (6) plead additional facts showing the harm to Plaintiff and its reputation. Mot. to Amend., D.E. 108.  Defendants opposed the motion and argued, among other things, undue delay under Rule 15.  Deft. Brief in Opp'n to Mot. to Amend, Dec. 23, 2019, D.E. 134, at 3.  This Court granted JUUL's motion on April 28, 2020 and Plaintiff filed the Amended Complaint on April 29, 2020.  D.E. 184, 185, 187.  Defendants filed a motion to dismiss Plaintiff's Amended Complaint on June 12, 2020, which the District Court denied on January 7, 2021.  Mot. to Dismiss, D.E. 201; Opinion & Order, D.E. 263 & 264.  On August 7, 2020, Defendants also filed an Answer to the Amended Complaint, along with brand new Counterclaims.  Answer, D.E. 215.  Plaintiff filed a letter on September 2, 2020, challenging both the timeliness and propriety of Defendants' Answer and Counterclaims.  D.E. 219.  On September 10, 2020, this Court entered an Order striking Defendants' Counterclaims without prejudice to Defendants' right to file an appropriate motion to amend to include the Counterclaims which addresses both Fed. R. Civ. P. 15 and 16.  Order, D.E. 221.

Defendants filed the instant motion on October 4, 2020,  seeking leave to file an Amended Answer with Counterclaims against Plaintiff for:  (1) false advertising; (2) intentional interference with prospective business relationships; (3) negligent interference with prospective business relationships; (4) trade libel; and (5) unfair competition.  Defs' Prop. Counterclaims, Oct. 4, 2020, D.E. 224-2.  Plaintiff argues that the Court should deny Defendants' motion to amend.  Plaintiff contends that Defendants cannot establish good cause for amending beyond the deadline in the Court's Pretrial Scheduling Order, that the amendments are futile, and that granting the motion would prejudice Plaintiff.  Opp. Br., Oct. 19, 2020, D.E. 228.  Defendants contend that they have good cause for filing Counterclaims at this time "only because [Plaintiff]

was permitted to file its Amended Complaint, increasing the scope of this action by 100 times or more" and fundamental fairness requires it.  Defs' Br., Oct. 4, 2020, D.E. 224, at 4.

## III.   ANALYSIS

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'"  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)).  "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'"  *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

On the other hand, Federal Rule of Civil Procedure 16(b)(3)(A) prescribes that the Court must issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  Rule 16 further provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases."  *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).  The requirement of a deadline to amend the pleadings "assures that at some point . . . the pleadings will be fixed."  Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment). "The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."  *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

4

Courts within the Third Circuit have consistently held that "a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4)—i.e., that party must show 'good cause.'" *Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)). "Accordingly, '[h]eightened scrutiny of a motion to amend . . . is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A).'" *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) (alterations in original) (quoting *Stolinski v. Pennypacker*,  No. 07–3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011)).

"If there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file its amended pleading as justice so requires." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *2 (citing *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019)).   Conversely, "[i]f the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis." *Korrow*, 300 F.R.D. at 220 (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)).

Good cause requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3722, 2012 WL 1393074, *3 (D.N.J. Apr. 23, 2012) (internal citations and quotations omitted).   "Whether 'good cause' exists under Rule 16 hinges to a large extent on the diligence of the moving party." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J.

July 12, 2005)); *see also* Fed. R. Civ. P. 16, advisory committee note (1983 Amendment).  Rule

16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather

requires only reasonable diligence.  *Fermin,* 2012 WL 1393074, at *3 (stating the inquiry should

center on whether "through the exercise of reasonable diligence [the moving party] should have

possessed, the knowledge necessary to file the amended motion before the deadline had

expired"). "The most common basis for finding a lack of good cause is the party's knowledge of

the potential claim before the deadline to amend has passed."  *Kennedy v. City of Newark*, Civ.

No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011).  "If a movant had the knowledge

necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the

scheduling order, and if the movant can provide no satisfactory explanation for the delay, the

Court may, in its discretion, deny the motion."  *Nasa Machine Tools Inc.*, 2019 WL 7207503, at

*3 (citing *Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir.

2005)).  In other words, "the moving party must show that, despite its diligence, the deadlines set

forth in the scheduling order could not reasonably be met."  *Korrow*, 300 F.R.D. at 220.

"Moreover, the absence of prejudice to the non-moving party does not constitute 'good cause'

under Rule 16."  *Id.* (citing *GlobespanVirata,* 2005 WL 1638136, at *3).  Put succinctly,

"[a]bsent diligence, there is no 'good cause.'"  *Chancellor v. Pottsgrove Sch. Dist.*, 501

F.Supp.2d 695, 702 (E.D.Pa.2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note

(1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it

cannot reasonably be met despite the diligence of the party seeking the extension.").

In determining whether "good cause" exists for an untimely motion to amend pleadings,

courts typically examine whether the movant possessed, or through the exercise of reasonable

diligence should have possessed, the knowledge necessary to file the amended motion before the

deadline had expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *2 (D.N.J. Sept. 8, 2009) (denying a plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *see also Kennedy v. City of Newark,* Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant did have the knowledge necessary to file a motion prior to the expiration of the Court's deadline, and if the movant can provide no satisfactory explanation for the delay, the Court has the discretion to deny the motion. *See Dimensional Commc'n, Inc.,*, 148 F. App'x at 85 (upholding trial court's finding that movant could not satisfy "good cause" because it was in possession of the facts underlying its proposed counterclaim well before amendment deadline); *Harrison,* 133 F.R.D. at 469 (movant failed to satisfactorily explain delay in filing the motion to amend).

The deadline to amend the pleadings was November 15, 2019. *See* Consent Order Amending Pretrial Scheduling Order, Sept. 16, 2019, D.E. 90. The Court has not subsequently extended this deadline, nor did Defendants seek an extension of this deadline. Defendants first attempted to add the instant Counterclaims in August 2020 – a delay of nine months. Therefore, whether Defendants may now amend their Answer to include Counterclaims notwithstanding the delay turns on their ability to demonstrate "good cause" under Rule 16, that is, whether Defendants nonetheless have acted with diligence or lack thereof.

Defendants rely on a single argument to explain the delay, *i.e.*, Plaintiff, after having successfully moved to do so, amended its Complaint on April 29, 2020, to include the additional claims that Defendants assert so inflated this litigation, increasing "its claimed damages by 100X—from $400,000 to $40 million," that Defendants had no choice but to pursue the

counterclaims that are now the subject of this motion.  Defs.' Br. at 3.  For the reasons set forth herein, that sole justification for Defendants seeking to amend at this point falls far short of the standards for good cause under Rule 16.

Defendants seek leave to amend their Answer to plead Counterclaims against Plaintiff which stem from cease-and-desist letters Plaintiff sent to Defendants' customers in June 2019.[2] Prop. Amended Answer with Counterclaims, D.E. 224-2, ¶¶ 17-49.  Defendants do not claim that they were unable to move sooner because these allegations were unknown to them, or that notwithstanding their exercise of reasonable diligence, they discovered these facts only recently. Instead, Defendants maintain that they seek to add the counterclaims now "because JLI's Amended Complaint significantly increased Eonsmoke's theoretical liability and damages exposure."  Defs.' Br. at 3.  The Court is unpersuaded by Defendants' justifications.

First, Defendants do not adequately explain why they did not move to amend between June 2019 and November 2019.  From Defendants' allegations, the Court draws the reasonable inference that Defendants had in their possession the basic facts needed to assert, or at least to promptly and carefully consider, whether their proposed Counterclaims were viable.  Yet they failed to do so.  Therefore, Defendants have failed to show they were diligent in moving to amend.  *See Fermin,* 2012 WL 1393074, at *3 (While rule 16(b)(4) does not require a party to

---

[2]  For example, Defendants' proposed Counterclaims state that:

> In June 2019, JLI, through its attorneys, sent letters to numerous third parties related to "Sales of JLI-compatible Nicotine Cartridges Produced by Ziip." Two of these letters are attached hereto as Exhibit 1 ("the JLI Letter"). Upon information and belief, substantially similar letters, changing only names and addresses, were sent to multiple customers of Eonsmoke who sell and/or distribute JLI-compatible nicotine cartridges in the United States.

Prop. Amended Answer with Counterclaims, D.E. 224-2, ¶ 17.

exercise an advanced or superior level of diligence, it does require reasonable diligence.); *see also United States v. APS Contracting, Inc.,* No. 11–779, 2013 WL 530576, at *4 (D.N.J. Feb.11, 2013) ("Good cause [is] lacking where a party ... was in possession of the information which formed the basis for the potential claim prior to the deadline."); *Price v. Trans Union, LLC,* 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) ("Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.").

Even if, as Defendants claim, they waited until now to bring these counterclaims "only because [Plaintiff] was permitted to file its Amended Complaint, increasing the scope of this action by 100 times or more," and assuming arguendo that somehow constituted good cause, Defendants still do not explain why they did not move to amend to add the counterclaims when Plaintiff initially provided Defendants with a copy of its proposed amended Complaint in October 2019, or when Plaintiff sought leave to amend its Complaint in December 2019.  Nor do Defendants explain why they failed to seek an extension of the deadline for amending once they learned of Plaintiff's intention to amend – an onus that was on Defendants.  Instead, Defendants chose to wait until August 2020, when it filed an Answer to Plaintiff's Amended Complaint, to attempt to add these counterclaims.  Notwithstanding Defendants' assertions, this record does not demonstrate that Defendants acted diligently to amend once it learned of Plaintiff's June 2019 cease-and-desist letters.

Finally, the Court rejects Defendants' contention that the late amendment would not prejudice Plaintiff.  Defendants reason that only a minimal amount of additional discovery would be necessary.  Defs.' Br. at 5.  Satisfaction of the good cause standard does not rise or fall with prejudice to the non-moving party.  And in any event, act discovery is now closed.  If the Court

9

granted this instant motion, it would have to reopen discovery, and Plaintiff would be placed in the untenable position of having to take discovery for the first time on new counterclaims that are unrelated to Plaintiff's trademark and trade dress claims, resulting in further delays of a case that is already more than two years old.  Those circumstances also cut against Defendants' showing of good cause.

In sum, the Court finds that Defendants have not provided a satisfactory explanation for waiting nine months after the close of the deadline to amend and until nearly the close of fact discovery to raise these new counterclaims.  Accordingly, Defendants have not demonstrated good cause for modification of the Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4).[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion for Leave to File an Amended Answer with Counterclaims.  An Order accompanies this Opinion.

s/ Michael A. Hammer
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

**Dated: January 14, 2021**

---

[3] Having concluded that Defendants are required to satisfy the "good cause" requirement of Fed. R. Civ. P. 16 and have failed to so, the Court need not reach the futility analysis.  Nonetheless, the Court is also satisfied that leave to amend should be denied pursuant to Rule 15(a).  The Third Circuit has "upheld district courts' findings of prejudice when adding a new claim would fundamentally alter[] the proceeding and could have been asserted earlier.'" *Spartan Concrete Prods., LLC*, 929 F.3d at 116 (alteration in original) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001)).  For the reasons set forth above, such is the case here.