# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUUL LABS, INC.**<br><br>v.<br><br>**4X PODS, et al.,**<br><br>**Defendants.** | Civil No. 18-15444 (KM)<br><br>**MEMORANDUM** |

    Defendants Michael Tolmach and Gregory Grishayev, by letter (DE 314), have requested leave to release certain funds from their domestic accounts, Vanguard xxxx3314 and TD xxxx1461. They cite language from a prior order of the Court authorizing them to apply for release of reasonable amounts from frozen accounts. What they omit is the subsequent history, which I will not relate here. Suffice it to say that the Court entered that order under a significant misimpression. The defendants placed nearly all of their funds in a foreign trust, which they say they may access *except* to comply with an order of the Court, which would be "coercive" and therefore not in their "interest," in the judgment of the trustee. I am unmoved by their claims of inability to access funds; the trusts were created by the individual defendants themselves, on terms they dictated or agreed to, during the pendency of this litigation.

    It appears that the defendants have repatriated $1,823,840 of those funds: $873,858 to Vanguard and $949,982 to TD, bringing the combined balance to approximately $2.16 million. (DE 314 at 2 n.3)[1] Of that total, defendants seek to cover certain expenses by withdrawing nearly all of this balance: a total of $2.075 million.

---

[1]    The transaction is described in the passive voice, and the mechanics are not specified. What is clear is that the defendants have ready access to the foreign funds when it suits their purposes.

The requests for withdrawals to cover expenses, reduced to a list, are as follows:

A. *Litigation expenses:*     $380,000
   Consisting of fees and costs for
   Mediation:      $30,000
   Experts:        $100,000
   Trial counsel:  $250,000
B. *Miscellaneous personal expenses (Apr/May):*   $45,000
C. *Eon NJ State Excise Taxes Owed:*              $1,650,000
          TOTAL           $2.075 million

Plaintiff generally appears to agree that these are necessary expenses (excepting the personal expenses). Juul insists, however, that they should satisfied from the foreign Vontobel account, not the domestic accounts. I agree with Juul, in part.

I will authorize the withdrawal of funds from the domestic Vanguard and TD accounts for the litigation-related expenses, totaling $380,000. This is an accepted practice and I am inclined to follow it here, to permit a fair adversarial presentation of issues.

I will not, however, authorize the withdrawal of personal expenses or state excise taxes from the domestic accounts. I will authorize payment of those items only from the foreign Vontobel account. Defendants have now demonstrated that they have ready access to those foreign funds. Living expenses do not appear to have been lacking thus far, and plaintiff details some luxury and unexplained expenditures. Be that as it may, defendants have to live.[2] Excise taxes are business expenses, which, if paid timely, would have reduced profits and would not have been available for satisfaction of a judgment in any event.

---

[2]   I do not, however, earmark the personal-expense withdrawal for two months' expenses, nor should my order be taken as a precedent for expenses of $22,500 per month.

No further withdrawals from the domestic accounts are authorized. Nor, to anticipate a maneuver, shall the monies be transferred to another account, or back to a foreign account.

In addition, defendants request leave to deposit $1 million into court, as a show of good faith and as security against any ultimate monetary award. *See* Fed. R. Civ. P. 67(a). This amount was clearly intended to be drawn from the foreign Vontobel account, since it is not included in the totals above. I will authorize release of $ 1 million from the Vontobel account (*not* the domestic accounts) for that purpose.

The parties sharply dispute whether this amount is likely to cover the amount of any award that might be entered. As to that issue, the Court takes no position; the matter is to be tried next month.[3] This deposit neither defines nor limits the amount of liability, if any. The Court of course appreciates this demonstration, however partial, of good faith, which has been sorely lacking thus far.

A separate order will be entered.

Dated: April 12, 2021

/s/ Kevin McNulty
_____
**KEVIN MCNULTY, U.S.D.J.**

---

[3] The COVID-19 risk in Essex County remains at the "extremely high" level. https://www.nytimes.com/interactive/2021/us/essex-new-jersey-covid-cases.html Given the current pandemic conditions, the trial will be held by video.